**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**CAROL PENNINGTON** **PLAINTIFF**

**V.** **No. 4:25-CV-01292-LPR-ERE**

**SOCIAL SECURITY ADMINISTRATION,**
**Commissioner** **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommended Disposition ("RD") has been sent to United States District Judge Lee P. Rudofsky. You may file objections if you disagree with the findings and conclusions set out in the RD. Objections must be specific, include the factual or legal basis for the objection, and be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact.

## I. Background

On January 4, 2023, Ms. Carol Pennington filed an application for benefits due to osteoarthritis, COPD, overactive bladder, and chronic back pain. *Tr. 13, 270.*

Ms. Pennington's claim was denied initially and upon reconsideration. At Ms. Pennington's request, an Administrative Law Judge ("ALJ") held a hearing on October 11, 2024, where Ms. Pennington appeared with her lawyer, and the ALJ heard testimony from Ms. Pennington and a vocational expert ("VE"). *Tr. 31-53.* The ALJ issued a decision on November 22, 2024, finding that Ms. Pennington was

not disabled. *Tr. 13-24.* The Appeals Council denied Ms. Pennington's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-3.*

Ms. Pennington, who was sixty-one years old at the time of the hearing, has an associate degree and past relevant work experience as a registered nurse. *Tr. 35-36, 45.*

## II. The ALJ's Decision[1]

The ALJ found that Ms. Pennington had not engaged in substantial gainful activity since the alleged onset date of December 24, 2022. *Tr. 16*. The ALJ also concluded that Ms. Pennington had the following severe impairments: obesity, erosive osteoarthritis, degenerative disc disease, and lumbar spine osteoarthritis. *Tr. 16.* However, the ALJ concluded that Ms. Pennington did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 18.*

According to the ALJ, Ms. Pennington had the residual functional capacity ("RFC") to perform light work, with the following limitations: (1) frequent climbing of ramps and stairs, but never ladders, ropes, or scaffolds; (2) frequent

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g).

balancing, stooping, kneeling, crouching, and crawling; (3) frequent pushing, pulling, handling, and fingering objects with the bilateral upper extremities; (4) no working at unprotected heights or around moving mechanical parts; (5) no operating heavy equipment; (6) no exposure to open flames, open bodies of water, and industrial vibrations. *Tr. 19.*

In response to hypothetical questions incorporating the above limitations, the VE testified that a substantial number of potential jobs were available in the national economy that Ms. Pennington could perform, including first aid attendant and phlebotomist. *Tr. 23, 48.* Accordingly, the ALJ determined that Ms. Pennington was not disabled.

## III. Discussion

### A. Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that

supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

**B. Ms. Pennington's Argument for Reversal**

Ms. Pennington asserts that the Commissioner's decision is not supported by substantial evidence, because the RFC exceeds her physical abilities. *Doc. 12.* After carefully reviewing the record as a whole, I recommend affirming the Commissioner.

**C. Analysis**

Ms. Pennington argues that her severe impairments preclude her from performing work at the RFC level or at any other level. *Id.* But her argument is essentially a disagreement with the ALJ's interpretation of the evidence of record. However, the Court's task is not to determine whether substantial evidence supports Ms. Pennington's claim, but to assess whether substantial evidence supports the ALJ's decision. "So long as substantial evidence supports the ALJ's decision, [the Court] will not reverse even if substantial evidence would have supported a contrary decision or even if [the Court] would have decided the case differently." *Pierce v. Kijakazi*, 22 F.4th 769, 771 (8th Cir. 2022).

Ms. Pennington bears the burden of proving her RFC, which represents the most she can do despite the combined effects of her credible limitations. *Despain v. Berryhill*, 926 F.3d 1024, 1027 (8th Cir. 2019); 20 C.F.R. § 416.945(a)(1). "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and [the] claimant's own descriptions of her limitations." *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). The ALJ must consider all the claimant's symptoms and the extent to which those symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 416.929(a).

Normally, the Court should defer to an ALJ's assessment of the claimant's subjective complaints. *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021). An ALJ's brevity is not reversible error so long as the ALJ's reasoning allows for "appropriate judicial review." *Id.* When evaluating the consistency between subjective complaints and the record as a whole, an ALJ considers, in addition to the objective medical evidence, various factors, including: a claimant's daily activities; the duration, frequency, and intensity of symptoms; the dosage and effectiveness of medication; precipitating and aggravating factors; and functional restrictions. *See* Social Security Ruling 16-3p, 2017 WL 5180304, *2 (Oct. 25, 2017); *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). A claimant's

subjective allegations may be discounted if the evidence, as a whole, is inconsistent with the allegations. *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). In short, an ALJ may discredit some or all of the subjective statements in the record, based on a review of the above *Polaski* factors. The ALJ need not explicitly discuss each of the *Polaski* factors in the written decision if it is clear they were considered. *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004).

The ALJ conducted a thorough review of the medical evidence and pointed out inconsistencies between Ms. Pennington's complaints and the record. In finding that Ms. Pennington could perform light work with some limitations, the ALJ specifically considered Ms. Pennington's severe and non-severe impairments but found that her "statements concerning the intensity, persistence and limiting effects . . . are not entirely consistent with the medical evidence and other evidence in the record . . . ." *Tr. 20.* For example, the ALJ noted Ms. Pennington's ability to independently perform activities of daily living, an absence of consistent serious clinical neurologic deficits, and a lack of "evidence of swelling, erythema, warmth, or bony deformity." *Tr. 21*. The ALJ pointed out that Ms. Pennington received routine, conservative treatment. *Tr. 17*; *Milam v. Colvin*, 794 F.3d 978, 985 (8th Cir. 2015) (noting that only conservative treatment weighs against a finding of disability). Ms. Pennington's conditions also improved with medication and treatment. *Tr. 20-21, 740, 1046-47, 1058.* Improvement in a condition supports an

ALJ's finding that a claimant is not disabled. See *Duvall v. Bisignano*, No. 4:25-cv-00120 KGB-PSH, 2025 WL 1812626, n.6 (E.D. Ark. July 1, 2025); *Locher v. Sullivan*, 968 F.2d 725, 728 (8th Cir. 1992). Additionally, "[a]n impairment which can be controlled by treatment or medication is not considered disabling." *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002). Finally, the ALJ acknowledged that Ms. Pennington had been counseled repeatedly on proper diet and exercise to improve her impairments. *Tr. 20-21, 736, 765, 770, 781, 788, 1161.* "A lack of functional restrictions on the claimant's activities is inconsistent with a disability claim where, as here, the claimant's treating physicians are recommending increased physical exercise." *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009).

The ALJ properly listed the relevant impairments, discussed them, and scrutinized the medical records, ultimately finding that Ms. Pennington was not disabled. *Martise v. Astrue*, 641 F.3d 909, 924 (8th Cir. 2011) (holding that the ALJ "properly considered the combined effects of [the claimant's] impairments" after discussing each impairment and providing a synopsis of the medical records).

The record contains substantial evidence to support the ALJ's finding that Ms. Pennington could perform a reduced range of light work.

## IV. Conclusion

The ALJ applied proper legal standards in evaluating Ms. Pennington's claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE RECOMMENDED that the Court affirm the decision and enter judgment in favor of the Commissioner.

Dated 28 July 2026.

UNITED STATES MAGISTRATE JUDGE